IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES D. JURBALA,
Plaintiff

v.

WARDEN RONNIE HOLT, ET AL.,
Defendants

: CIVIL NO. 3:12-CV-1092
:
: (JUDGE NEALON)
: (MAGISTRATE JUDGE CARLSON)

FILED
SCRANTON
JAN 30 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

On June 8, 2012, Plaintiff, Charles D. Jurbala, an inmate confined at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2675, et seq. (Doc. 1). Plaintiff alleges that he suffered Salmonella poisoning from eating chicken at USP-Canaan that the prison staff knew was contaminated. (Id.). The complaint names as Defendants five (5) individual prison officials. (Id.). Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 3). On June 11, 2012, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that Plaintiff's FTCA claim may not proceed against the individual Defendants, but his Bivens[1] claim under section 1983 should be served, and that the complaint improperly includes a specific damage request. (Doc. 6). The R&R recommends that Plaintiff be afforded an opportunity to amend. (Id.). On July 6, 2012, Plaintiff filed a response to the R&R seeking to amend and supplement his complaint. (Doc. 8); see also (Doc. 9). For the reasons set forth below, the R&R

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

will be adopted, and the matter will be remanded to Magistrate Judge Carlson for further proceedings.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

This Court has reviewed Plaintiff's response to the R&R and determines that it is not an objection. See (Doc. 8). Rather, Plaintiff states that having read the R&R, he "now understands the different requirements needed to properly name a defendant as they pertain to Bivens constitutional tort action and (F.T.C.A.) Federal Tort Claims Act lawsuits." (Id.). He does not allege any error in the R&R, but is asking for leave to amend his complaint, consistent with the Magistrate Judge's recommendation. (Id.). Accordingly, this Court will review the R&R for

2

plain error.

**<u>Discussion</u>**

Magistrate Judge Carlson explains that the "Court has a statutory obligation to conduct a preliminary review of <u>pro se</u> complaints filed by prisoners who seek leave to proceed <u>in forma pauperis</u> which seek redress against government officials." (Doc. 6, p. 3). Pursuant to 28 U.S.C. § 1915A, a court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. (<u>Id.</u>); <u>see also</u> 28 U.S.C. § 1915(e). The Magistrate Judge determines that the statute's text mirrors the language in Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 6, pp. 3-4). The R&R then outlines the applicable pleading standards. (<u>Id.</u> at pp. 4-7), <u>citing</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Magistrate Judge Carlson states that the court must accept as true all allegations in the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. (<u>Id.</u> at p. 4) (citing <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994)).

Magistrate Judge Carlson finds that Plaintiff's complaint is cast as both a <u>Bivens</u> action and an FTCA lawsuit. (Doc. 6, p. 7). The Magistrate Judge determines that the complaint names five (5) individual Defendants and brings no claims against the United States. (<u>Id.</u>). But, Magistrate Judge Carlson states that Plaintiff may not maintain an FTCA action against the

3

individual Defendants. (Id.). The R&R explains that Bivens actions and FTCA lawsuits have different requirements as to whom may be properly named as a defendant. (Id. at p. 8) (citing Moshier v. United States, 2007 U.S. Dist. LEXIS 42179 (W.D. Pa. 2007)). Specifically, an FTCA claim must be brought against the United States, while a Bivens action may only be filed against individual government officials. (Doc. 6, pp. 8-10) (discussing the doctrine of sovereign immunity). Applying these standards, Magistrate Judge Carlson concludes that the individual Defendants must be dismissed from Plaintiff's FTCA claim with prejudice. (Id. at pp. 10-11). However, the R&R recommends that the FTCA claim be dismissed without prejudice to allow Plaintiff to name a proper Defendant. (Id. at p. 12). The Magistrate Judge finds Plaintiff's complaint "wanting in a number of respects" but recommends affording Plaintiff an opportunity to amend before the complaint is dismissed. (Id.). Further, while offering no opinion as to whether Plaintiff's Bivens claims may be subject to dismissal on other grounds, the Magistrate Judge suggests that the complaint be served on the individual Defendants with respect to the constitutional tort claims. (Id. at pp. 10-11). Finally, Magistrate Judge Carlson recommends that this Court strike Plaintiff's request for specific sums of unliquidated damages as violating Local Rule 8.1. (Doc. 6, pp. 11-12), citing FED. R. CIV. P. 12(f); M.D. Pa. L.R. 8.1 (stating, "...the party claiming damages is entitled to monetary relief but shall not claim any specific sum where unliquidated damages are involved").

In his response to the R&R, Plaintiff states that he wants to dismiss Defendants Holt, Dunbar, Sullivan, and Ryan entirely from the complaint, but leave Defendant Frasch with respect to his constitutional tort claim. (Doc. 8). Plaintiff also requests permission to supplement his complaint by naming the United States of America as a Defendant in his FTCA claim. (Id.). A

month later, Plaintiff filed a letter stating that he no longer wishes to proceed against the individually named Defendants but wants to add an Eighth Amendment claim against the United States. (Doc. 9).

After review, this Court will adopt the R&R and grant Plaintiff an opportunity to amend his complaint. It appears from Plaintiff's letter, (Doc. 9), that he no longer wishes to proceed against Defendant Frasch and wants to name the United States as the sole Defendant. However, as Magistrate Judge Carlson advised, the United States of America may be named in an FTCA claim, but may not be included in a Bivens action, which includes Eighth Amendment claims. See (Doc. 6). Accordingly, Plaintiff's request to add the United States as a Defendant in his FTCA action will be granted; but, he may not supplement his complaint to bring an Eighth Amendment claim against the United States.

To avoid any confusion, Plaintiff will be directed to file an amended complaint naming all parties and asserting all claims. Plaintiff is advised that his "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)).

If Plaintiff fails to timely file an amended complaint, then service of the original complaint will be made on the individual Defendants as to the constitutional tort claims. Also,

Plaintiff's request for specific sums of unliquidated damages will be stricken.

This action will be remanded to Magistrate Judge Carlson for further proceedings. A separate Order will be issued.

Date: January 30, 2013

*[signature]*
**United States District Judge**