FILED
SCRANTON
FEB 27 2013
PER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES D. JURBALA,
    Plaintiff

v.

WARDEN HOLT, ET AL.,
    Defendants

CIVIL NO. 3:12-CV-1092

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

On June 8, 2012, Plaintiff, Charles D. Jurbala, an inmate confined at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2675, et seq. (Doc. 1). Plaintiff alleges that he suffered Salmonella poisoning from eating chicken that the prison staff knew was contaminated. (Id.). The complaint names five (5) individual Defendants. (Id.). On June 11, 2012, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that Plaintiff's FTCA claim may not proceed against the individual Defendants, but his Bivens[1] claim under section 1983 should be served, and that the complaint improperly includes a specific damage request. (Doc. 6). The R&R recommended that Plaintiff be afforded an opportunity to amend. (Id.).

On July 6, 2012, Plaintiff filed a response to the R&R seeking to amend and supplement his complaint. (Doc. 8). Specifically, Plaintiff stated that he wanted to dismiss Defendants Holt, Dunbar, Sullivan, and Ryan from the complaint, but leave Defendant Frasch with respect to his

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

constitutional tort claim. (Doc. 8). Plaintiff also requested permission to supplement his complaint by naming the United States of America as a Defendant in his FTCA claim. (Id.). A month later, Plaintiff filed a letter stating that he no longer wished to proceed against the individually named Defendants but wanted to add an Eighth Amendment claim against the United States. (Doc. 9).

On January 30, 2013, this Court issued a Memorandum and Order adopting the R&R and granting Plaintiff an opportunity to amend his complaint. (Docs. 10-11). This Court reiterated Magistrate Judge Carlson's findings that the United States of America may be named in an FTCA claim, but may not be included in an Eighth Amendment claim. (Docs. 6, 10). Accordingly, Plaintiff's request to add the United States as a Defendant in his FTCA action, but not his Eighth Amendment claim, was granted. (Doc. 10). Plaintiff was directed to file an amended complaint within twenty (20) days. (Doc. 11). The time period has elapsed and Plaintiff has not filed an amended complaint.

Although the Memorandum stated that if Plaintiff failed to file an amended complaint, service of the original complaint would be made on the individual Defendants as to the constitutional tort claims, (Doc. 10), this Court finds that in light of Plaintiff's filings on July 6, 2012, and August 9, 2012, stating that he is not proceeding against any of the individual Defendants, service on the individual Defendants is not appropriate. Rather, this Court will substitute the United States for the individual Defendants and direct that service be made on the United States of America limited to Plaintiff's FTCA claim. See Arredondo-Meza v. Fenstermaker, 2012 U.S. Dist. LEXIS 184135, *11 (M.D. Pa. 2012) (Carlson, M.J.) (stating, "when inmates bring actions against individual government officers for negligence under the

FTCA the proper course to follow is to substitute the United States for these individual defendants and dismiss the individual defendants"), adopted by 2013 U.S. Dist. LEXIS 3164 (M.D. Pa. 2013) (Caldwell, J.). This action will be remanded to Magistrate Judge Carlson for further proceedings.

A separate Order will be issued.

Date: February 27, 2013

United States District Judge