FILED
SCRANTON
JUN 26 2014
PER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES D. JURBALA, :
    Plaintiff :
: CIVIL NO. 3:12-CV-1092
v. :
: (JUDGE NEALON)
UNITED STATES OF AMERICA, : (MAGISTRATE JUDGE CARLSON)
    Defendant :

## MEMORANDUM

On June 8, 2012, Plaintiff, Charles D. Jurbala, an inmate then-confined[1] at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, filed a civil rights complaint pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2675, et seq., alleging that he suffered Salmonella poisoning from eating chicken that the prison staff knew was contaminated. (Doc. 1). See also (Doc. 14). On December 18, 2013, Defendant filed a motion to dismiss arguing that Plaintiff had failed to exhaust his administrative remedies before filing this lawsuit. (Doc. 25).

On April 15, 2014, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") concluding that Plaintiff did not fully exhaust administrative remedies prior to bringing this action, and recommending that the

---

[1] Plaintiff is currently incarcerated in the United States Penitentiary Allenwood, Pennsylvania. See (Doc. 33).

motion to dismiss be granted. (Doc. 30). However, because Plaintiff has since completed the exhaustion process, the Magistrate Judge recommends that the dismissal be without prejudice to filing a new action, and that Defendant's statute of limitations argument be deferred pending Plaintiff's submission of a new complaint. (Id.). For the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in

whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In leu of filing objections, Plaintiff filed a new complaint, attaching exhibits regarding exhaustion. See (Doc. 32) (dated April 22, 2014). He also submitted a declaration addressing Defendant's statute of limitations argument, stating that on February 24, 2013, he sent a letter to the Bureau of Prisons explaining his intent to file a tort claim and his inability to obtain the proper paper work. (Id. at Ex. C and p. 19, declaration). This Court finds that Document 32 is consistent with Magistrate Judge Carlson's findings and recommendation, and does not allege any error in the R&R. (Id.). Accordingly, the R&R will be reviewed for plain error.

**Discussion**

Magistrate Judge Carlson thoroughly explains the burdens of proof and standards of review. (Doc. 30, pp. 3-8). The R&R then outlines the FTCA's exhaustion requirement. (Id. at pp. 8-10). The Magistrate Judge determines:

> the undisputed evidence shows that the plaintiff filed this complaint more than one year prior to the submission and resolution of his administrative tort claim by the Bureau of Prisons. Thus, at the time that he filed this complaint, the plaintiff had not exhausted his administrative tort claim and we lack jurisdiction to entertain this case. Yet while we are compelled to recommend dismissal of this complaint, we acknowledge that administrative exhaustion is now completed in this case. Therefore, it is recommended that this complaint be dismissed without prejudice to filing a new action now

that the plaintiff has fully satisfied this exhaustion requirement. (Id. at p. 11). Additionally, Magistrate Judge Carlson recommends that consideration of Defendant's argument, that the FTCA claim is barred by the statute of limitations, be deferred until after Plaintiff refiles. (Doc. 30, pp. 12-14) (noting that the statute of limitations is subject to equitable tolling and that several courts have tolled prisoner actions while administrative remedies are exhausted).

After review, and in the absence of clear error, this Court will adopt the R&R. The motion to dismiss will be granted and the complaint will be dismissed without prejudice. But, in light of Plaintiff's complaint, dated April 22, 2014, filed in the above-captioned case, the Clerk of Court will be directed to open a new civil action and file Document 32 as the complaint therein.

A separate Order will be issued.

Date: June 26, 2014                                                     United States District Judge